IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY BACON, HK-7240,  )
    Petitioner,  )
                           )
        v.  )   2: 12-CV-1543
                           )
SUPT. DELBALSO, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

Gregory Bacon, an inmate at the State Correctional Institution – Retreat, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Bacon is presently serving a life sentence imposed following his conviction by a jury of first degree murder and carrying a firearm without a license at No. 4967 C 2006 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on January 30, 2008.[1] An appeal was taken to the Superior Court and the judgment of sentence was affirmed on November 25, 2008 at Superior Court docket No. 287 WDA 2008.[2] Leave to appeal to the Pennsylvania Supreme Court was denied on July 22, 2009 at Docket No. 598 WAL 2008.[3] No further relief was sought in the courts of the Commonwealth.[4] Bacon now comes before this Court and contends he is entitled to relief on the following grounds:

> Was the fact finders verdict of guilt based on an unreasonable determination of the facts (insufficient evidence). Commonwealth did not prove every element of the crime to prove and sustain a conviction of murder in the first degree. Violating petitioner's Fourteenth Amendment Rights.[5]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

---

[1] See: Petition at ¶¶1-6..
[2] See: Unified Judicial System of Pennsylvania Web Portal, http://ujsportalpacourrts.us and the petition at ¶9.
[3] Id.
[4] See: Petition at ¶10.
[5] See; Petition at ¶12.

1

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on July 22, 2009 and certiorari was not sought. Thus, his conviction became final on October 20, 2009 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief and the instant petition was executed on October 20, 2013 or four years after his conviction became final. Thus, far in excess of the one year period in which to seek relief has expired; no basis for invoking equitable tolling has been set forth and the petition here is time barred.

Accordingly, the petition of Gregory Bacon for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for relief exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 26th day of December, 2013, for the reasons set forth in the foregoing Memorandum, IT IS ORDERED that the petition of Gregory Bacon is DISMISSED as time barred, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge