IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY BACON, HK-7240,  )
    Petitioner,  )
                      )
       v.  )   2: 13-CV-1543
                      )
SUPT. DELBALSO, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

Gregory Bacon, an inmate at the State Correctional Institution – Retreat, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Bacon is presently serving a life sentence imposed following his conviction by a jury of first degree murder and carrying a firearm without a license at No. 4967 C 2006 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on January 30, 2008.[1] An appeal was taken to the Superior Court and the judgment of sentence was affirmed on November 25, 2008 at Superior Court docket No. 287 WDA 2008.[2] Leave to appeal to the Pennsylvania Supreme Court was denied on July 22, 2009 at Docket No. 598 WAL 2008.[3]

In his petition Bacon states that no further relief was sought.[4] Based on this representation, the petition executed on October 21, 2013 was dismissed as untimely on December 26, 2013. On appeal, it was learned that in fact the petitioner did seek post-conviction relief, and the Court of Appeals remanded the matter for a determination of whether the petition was time barred and if so whether the petitioner is entitled to equitable tolling.[5] As a result, the case was reopened and the respondent directed to reply.

---

[1] See: Petition at ¶¶1-6..
[2] See: Appendix at pp.70a-79a.
[3] See: Appendix at p.31(i)(a).
[4] See: Petition at ¶ 10.
[5] See: Court of Appeals Docket No. 14-1111, Order of July 15, 2014 (ECF No. 14).

1

Historically, August 10, 2009, Bacon filed a post-conviction petition.[6] The latter petition was dismissed on October 21, 2011. An appeal to the Superior Court followed and on August 10, 2012, the latter court affirmed the denial of post-conviction relief on the merits.[7] Leave to appeal to the Pennsylvania Supreme Court was not sought.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on July 22, 2009 and certiorari was not sought. For this reason, his conviction became final on October 20, 2009 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner filed a post-conviction petition on August 10, 2009. That petition was dismissed on October 21, 2011; the denial of post-conviction relief was affirmed by the Superior Court on August 10, 2012; leave to appeal to the Pennsylvania Supreme Court was not sought and the time in which

---

[6] See: Appendix at p.13a.
[7] Id. at pp. 181a-192a.

to seek such leave expired on September 9, 2012,[8] and as such the tolling period is extended to that date. Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004).

The instant petition was executed on October 21, 2013, well over a year after it could have been submitted. In the petition, Bacon contends he is entitled to relief on the grounds that the evidence was insufficient to support the verdict.[9] However, the petition here is time barred unless Bacon can demonstrate a basis for equitable tolling of the statute.

Following remand and in an attempt in invoke equitable tolling, Bacon sets forth that his original post-conviction petition was filed on August 10, 2009 in the Court of Common Pleas; and the latter court dismissed the petition as prematurely filed[10]. The record clearly demonstrates that the post-conviction petition was not dismissed on the basis of prematurity but rather on its lack of merit. The affirmation by the Superior Court while likewise noting that the original post-conviction petition was filed prematurely, 42 Pa.C.S. §9545(b)(3), the denial of relief was affirmed on the merits. We note that unlike the exclusion of the time in which to seek direct review, the time in which to seek discretionary review from the denial of post-conviction relief in the United States Supreme Court is not excludable. Lawrence v. Florida, 549 U.S. 327, 337 (2007). Thus, Bacon's argument here that he thought he could not seek federal relief until the expiration of the time in which to seek discretionary review, which he did not pursue, is not a basis for equitable tolling, and his petition here is untimely. See: Jones v. Morten, 195 F.3d 153,159 (3d Cir. 1999).

Nevertheless, even if timely presented the sufficiency of the evidence issue which Bacon seeks to raise here is meritless. Petitioner was convicted of first degree murder and carrying a

---

[8] See: Pa.R.App.P. 903.
[9] See: Petition at ¶12.
[10] In reaching this conclusion the petitioner is wrong. On March 7, 2012, the post-conviction court wrote:
> [Bacon] did prematurely file a Post Conviction Relief Act Petition on August 10, 2009. At that time, h[is] case file was still in the Pennsylvania Superior Court. The Allowance of Appeal to the Pennsylvania Supreme Court was denied on August 12, 2009.
>
> Because the Court continued to receive pro se documents from petitioner, the Court thought it in his best interest to appoint competent counsel … his attorney … filed a no-merit letter. This Court, after thorough review, also decided that there was no merit to the petitioner's claims, as noted in the Opinion dated. September 1, 2011. (See, Appendix at pp.159-160 as well as State Court record document 109).

3

firearm without a license. This issue was raised in Bacon's direct appeal and for this reason he has exhausted the available state court remedies. 28 U.S.C. §2254(b).

In reviewing this issue the Superior Court wrote:

On June 4, 2006, Appellant, his cousin, Eugene Ralph, and the victim, Robert Staton, were at the Elks Club in New Kensington, Pennsylvania. During trial, Ralph testified that he, Staton, and Appellant were inside at the bar. Ralph exited the bar after having one drink. Staton followed him outside to the parking lot. Staton approached Ralph and began asking if Ralph knew him or had a problem with him. Eventually, Appellant joined the men in the parking lot. Appellant and Staton began arguing when Appellant walked behind Staton and Staton took offense. Ralph testified that he tried to separate the two men, but the argument continued. Eventually, Staton said "I'm going to see you," blew a kiss, winked at Appellant and turned to walk away. Ralph testified that he then saw Appellant fire three or four shots at Staton before fleeing.

Ralph's trial testimony was, in some measure, inconsistent with earlier statements he made to investigating police officers. As the scene of the shooting, Ralph told officers that he did not know what race the shooter was and did not want to be involved. Ralph again withheld information from the police when he was questioned at the police station. As a result, Ralph was charged with hindering apprehension or prosecution. Ralph agreed to cooperate and testify in the murder case in exchange for having the charge against him dismissed. Defense counsel explored these issues on cross-examination.

Tamara Lloyd testified that she heard "elevated voices" when she pulled into the parking lot of the Elks Club. She heard Appellant say "I have my shit right here," which she testified meant he was carrying a weapon. She also stated that seconds before the victim was shot she saw a shiny object in Appellant's hand.

The victim died from three bullet wounds to the back, two of which penetrated the victim's lungs. Applying the aforementioned standard, it is clear that there was sufficient evidence presented to sustain a conviction of murder in the first degree. The discharge of a gun into a vital part of a victim is sufficient to prove malice and specific intent to kill.

A person may not lawfully carry a firearm concealed on his person, outside his home or business, without a valid license. To sustain a conviction for this offense, the firearm must either be operable or readily made operable.

The Commonwealth presented evidence, including three bullet slugs and the pierced shirt of the victim, showing the victim was shot numerous times. Lloyd testified that Appellant implied he was carrying a gun and that she saw a shiny object in his hand just before the shooting. Ralph testified that he saw Appellant shoot the victim. The Commonwealth introduced a certificate of non-licensure from the Pennsylvania State Police, indicating that Appellant did not have a

4

firearms license as of June 4, 2006. The Commonwealth produced sufficient evidence to convict Appellant of carrying a firearm without a license.[fn.2: Appellant does not raise an argument concerning concealment of the firearm] (record references omitted).[11]

The factual determinations of the state courts are entitled to a presumption of correctness. 28 U.S.C. §2254(e)(1). In addition, since the merits were decided under state law they are not subject to review here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Where an issue of alleged insufficiency of evidence is raised in a federal habeas challenge, the issue before the court is whether any rational fact finder could determine guilt beyond a reasonable doubt. Coleman v. Johnson, 132 S.Ct. 2060 (2012).

It is provided in 18 Pa.C.S.A. §2502(a) that "a criminal homicide constitutes murder of the first degree when it is committed by an intentional killing." It is also provided in 18 Pa.C.S.. §6106(a)(1), "Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." Thus, based on the factual recitation set forth above, there was more than sufficient evidence to enable a determination of guilt beyond a reasonable doubt, and for this reason, this claim even if timely does not provide a basis for relief.

Because the petition is time barred, and the conviction was not obtained in any manner contrary to federal law as determined by the United States Supreme Court nor involved an unreasonable interpretation of that law, Bacon is not entitled to relief here. Accordingly, his petition for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[11] See: Appendix at pp.72a-75a.

ORDER

AND NOW, this 7th day of October, 2014, for the reasons set forth in the foregoing Memorandum, the petition for a writ of habeas corpus submitted by Gregory Bacon (ECF No.6) is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell  
United States Magistrate Judge